STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

SALIM A. ISLAM,
Plaintiff

v.

STATE OF RHODE ISLAND; RI DEPARTMENT OF CORRECTIONS;
ASHBEL T. WALL, II, WARDEN; and
TED GERRICK, ALIAS,
Defendants

C.A. NO. 06-5878

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 NOV 10 P 12:24

COMPLAINT

1. Plaintiff, Salim A. Islam, inmate # 94605, is an individual presently incarcerated and serving time at the Adult Correctional Institute in Cranston, Providence County, Rhode Island, Medium Security, under the direct supervision and control of the State of Rhode Island Department of Corrections.

2. Defendant State of Rhode Island owns and operates the Adult Correctional Institute located in Cranston, Rhode Island, and specifically the Correctional Industries facility where plaintiff was working at the time of the episode which is the subject matter of this complaint.

3. Defendant, Ashbel T. Wall, II, was at all relevant times Warden at the Adult Correctional facilities and is responsible for and supervises operations at the State of Rhode Island Department of Corrections.

4. Defendant, Ted Gerrick, alias, was at all relevant times Plaintiff's foreman and immediate supervisor at Correctional Industries, said facility being under the supervision and control of the Rhode Island Department of Corrections.

FACTUAL ALLEGATIONS

5. On or around November 24, 2003, Plaintiff was working at his assigned duties in the soap shop at Correctional Industries. Said duties included assisting in the manufacture of cleaning supplies and paint for industrial use.

6. As part of his duties, Plaintiff was required to handle polymers and other potentially volatile chemicals.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

such chemicals were the property of, and subject to the exclusive control of, the State Department of Corrections and its agents as cited above.

7. On instructions of Defendant Ted Gerrick, Plaintiff's supervisor, Plaintiff poured a polymer solution into a bucket containing a small amount of oil residue on the date in question. At the time, said polymer solution was approximately five to six years old, well beyond the time frame during which it might safely have been used without becoming volatile.

8. The mixture of the two substances as described above resulted in a violent chemical reaction, causing the oil residue to come into contact with Plaintiff's face, streaming into his nose and mouth and eyes despite his use of safety goggles.

9. The safety goggles provided to the Plaintiff by Defendant Ted Gerrick, alias, were of a type designed for use in a carpentry shop, and inadequate for chemical-industrial use.

10. Plaintiff suffered serious and debilitating burns and scarring and significant loss of vision in both eyes as a result of said chemical explosion. Plaintiff suffered mental anguish, pain and suffering due to his injuries, required medical treatment, and continues to suffer pain, discomfort, and significant impairment of vision.

11. Plaintiff was denied medically appropriate treatment in a timely manner, which has aggravated the damage to the Plaintiff's eyes and caused unnecessary and otherwise avoidable pain, anguish and mental suffering.

COUNT I - NEGLIGENCE - BREACH OF DUTY; FAILURE TO WARN

12. Plaintiff incorporates by reference the foregoing paragraphs 1-11 above, as if fully set forth herein.

13. In breach of duties owed to Plaintiff, Defendants negligently maintained a dangerous condition and exposed plaintiff to an unreasonable risk of harm. Plaintiff's harm was foreseeable, and is exactly the type of harm to be expected from the risk of maintaining such chemicals beyond the period during which they may be safely used for the purposes described herein.

14. In breach of duties owed to Plaintiff, Defendants knew, or should have known, of the unreasonable risk of harm posed to plaintiff, and failed to take corrective or remedial measures to reduce or eliminate the risk of harm.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

15. In breach of duties owed to Plaintiff, Defendants negligently failed to warn Plaintiff of a dangerous condition which proximately caused Plaintiff's injuries.

16. The Defendants' negligence, in breach of duties owed to Plaintiff, was the proximate cause of the damages sustained by the Plaintiff.

COUNT II - RES IPSA LOQUITUR

17. Plaintiff incorporates by reference the foregoing paragraphs 1-16 above, as if fully set forth herein.

18. The chemical explosion described herein, which explosion resulted in Plaintiff's injuries, is an event which ordinarily does not occur in the absence of negligence.

19. Other responsible causes, including the conduct of the Plaintiff, may be ruled out as having caused such event.

20. At all times relevant to this action, the chemicals involved were under the exclusive possession and control of the Defendants enumerated herein.

21. The indicated negligence is within the scope of the duty owed by the Defendants to the Plaintiff.

COUNT III - VIOLATION OF STATE CODE

22. Plaintiff incorporates by reference the foregoing paragraphs 1-16 above, as if fully set forth herein.

23. Defendants State of Rhode Island, Rhode Island Department of Corrections, Warden Ashbel T. Wall II, and Ted Gerrick, alias, willfully or negligently maintained an unsafe condition in violation of various provisions of state law, including but not limited to the State Hazardous Waste Management Act, RIGL 23-19.1-1 et seq.; and the State Fire Safety Code, RIGL 23-28.1-1 et seq.

COUNT IV - VIOLATION OF FEDERAL CODE

24. Plaintiff incorporates by reference the foregoing paragraphs 1-23 above, as if fully set forth herein.

25. Defendants State of Rhode Island, Rhode Island Department of Corrections, Warden Ashbel T. Wall II, and Ted Gerrick, alias, willfully or negligently maintained an unsafe condition in violation of various provisions of federal law, including but not limited to: American Public Health Association Standards for

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

Health Services in Correctional Institutions; United States Public Health Service and OSHA regulations.

WHEREFORE, Plaintiff demands judgment against Defendants State of Rhode Island, Rhode Island Department of Corrections, Warden Ashbel T. Wall II, and Ted Gerrick, alias, jointly and severally, for compensatory and punitive damages in an amount sufficient to invoke the jurisdiction of this Court.

Plaintiff,
Salim A. Islam,
By his attorneys,

Keven A McKenna

Keven A. McKenna, Esq.
KEVEN A. McKENNA, P.C.
23 Acorn Street
Providence, RI 02903

Dated: 11-7-06

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

R E C E I P T

Rhode Island Justice System

Receipt Number: SC0217200
Date: 10-NOV-2006
Cashier: CIV

Payor: [illegible]
Credit card: [illegible]

| Description | Amount |
|---|---|
| Case: PC-2006-5876 | |
| SALIM A ISLAM V STATE OF RI | |
| INITIAL FILING FF | 150.00 |
| RI LEGAL SERVICES | 10.00 |
| Present Balance: | 160.00 |
| Amount Paid: | 160.00 |
| New Balance Due: | 0.00 |

| Tender Type: | |
|---|---|
| [illegible]-7517 | 160.00 |
| | 0.00 |
| Amount Tendered: | 160.00 |
| Amount Paid: | 160.00 |
| Change: | 0.00 |

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE #

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| SALIM A. ISLAM<br>PLAINTIFF ID# | STATE OF RHODE ISLAND; RI DEPT. OF CORRECTIONS; ASHBEL T. WALL II, WARDEN; and TED GERRICK, ALIAS<br>DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK **ONE** APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) **AA** AGENCY APPEAL | ( ) **EX** EXCESSIVE TAX | ( ) **PR** PARTITION |
| ( ) **AB** ASSAULT & BATTERY | ( ) **FF** FORFEITURE | ( ) **RC** REINSTATE CHARTER |
| ( ) **AE** ASBESTOS CASES | ( ) **FG** FOREIGN JUDGMENT | ( ) **PT** PROMISSARY NOTE |
| ( ) **AI** ANTI-TRUST | ( ) **FS** FRIENDLY SUIT | ( ) **RY** REAL PROPERTY |
| ( ) **BA** BOOK ACCOUNT | ( ) **ID** PER INJURY/PROP DAM/VEH | ( ) **SA** SEXUAL ABUSE |
| ( ) **BP** BILL OF RIGHTS-POLICE OFF | ( ) **IJ** INJUNCTIVE RELIEF | ( ) **SF** SPECIFIC PERFORMANCE |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIM | ( ) **IP** INTERPLEADER | ( ) **SX** SEXUAL HARASSMENT |
| ( ) **CI** CRIMINAL INJURY COMP | ( ) **LC** LEAD CASE | ( ) **TD** CONTRACT DAMAGES |
| ( ) **CL** COMMON LAW ASSIGNMENT | ( ) **LS** LIBEL/SLANDER | ( ) **TE** TRESSPASS & EJECTMENT |
| ( ) **CM** COMMON LAW LIEN | ( ) **ME** MALPRACTICE/LEGAL | ( ) **TO** TITLE CLEARING |
| ( ) **CS** CONVERSION | ( ) **MM** MALPRACTICE/MEDICAL | ( ) **TV** TRUSTEE/APPT CONVEY TITLE |
| ( ) **CV** CRIMINAL CONVERSION | ( ) **MO** MALPRACTICE/OTHER | ( ) **TG** TRUSTEE/ACCOUNTING |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIMIN | ( ) **OV** OTHER CIVIL ACTION | ( ) **UM** UNINSURED MOTORIST |
| ( ) **DJ** DECLARATORY JUDGMENT | ( ) **PB** PROPERTY DAMAGES | ( ) **WM** WRIT OF MANDAMUS |
| ( ) **DG** RECOVERY OF DAMAGES | ( ) **PG** PROPERTY DAMAGES/VEH | ( ) **WR** WRIT OF REPLEVIN |
| ( ) **DB** DEBT ON JUDGMENT | (x) **PI** PERSONAL INJURY | ( ) **WD** WRONGFUL DEATH |
| ( ) **DD** DECEPTIVE TRADE PRACTICE | ( ) **PJ** PERSONAL INJURY/VEHICLE | |
| ( ) **DN** DENIAL OF PROBATE CLAIM | ( ) **PL** PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) **AC** ARBITRATION/CONFIRM | ( ) **GJ** GRAND JURY INVESTIGATION | ( ) **PX** PETITION TO EXPUNGE |
| ( ) **AD** ARBITRATION AWARD | ( ) **HC** HABEAS CORPUS | ( ) **PY** PETITION INVENT (WIRE TAP) |
| ( ) **AS** ASSESSMENT OF DAMAGES | ( ) **LN** LEVEL COMMUN NOTIFICATION | ( ) **RB** ARBITRATION REFERRAL |
| ( ) **CE** CONDEMNATION | ( ) **ML** MECHANICS LIEN | ( ) **RP** RULE 5A PETITION |
| ( ) **CN** CONFIRM COMPROMISE | ( ) **MW** MATERIAL WITNESS | ( ) **RV** RECEIVERSHIP |
| ( ) **CP** CONTEMPT | ( ) **OM** OTHER MISC PETITION | ( ) **SO** SEXUAL VIOLENT PREDATOR |
| ( ) **DI** DISCLAIMER | ( ) **OW** OUT OF STATE WITNESS | ( ) **TA** APPOINTMENT OF TRUSTEE |
| ( ) **DS** DISSOLUTION OF CORP | ( ) **PC** POST CONVICTION RELIEF | ( ) **TC** TITLE CLEARING (TAX TITLE) |
| ( ) **DT** DECLINATION OF TRUSTEE | ( ) **PD** PETITION TO TAKE DEPO | ( ) **TL** FORECLOSURE/TAX LIEN |
| ( ) **EN** END PARTNERSHIP | ( ) **PM** PETITION FOR IMMUNITY | ( ) **TS** TRUSTEE SUCCESSOR |
| ( ) **FC** FORFEITURE OF CHARTER | ( ) **PO** PETITION FOR CONSTABLE | ( ) **VC** VACATE ARBITRATION |
| ( ) **FL** FORECLOSURE RIGHTS REDEM | ( ) **PS** PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) **GD** GUARDIANSHIP | ( ) **OA** OTHER PROBATE APPEAL | ( ) **WL** WILL |
| ( ) **NC** NAME CHANGE | ( ) **TU** TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

TRIAL (x) YES ( ) NO IF YES: ( ) JURY (x) NON-JURY

ATTORNEY NAME & REGISTRATION# Keven A. McKenna, Esq. (0662), Keven A. McKenna, PC
PRO SE/NAME: DATE: TODAY 11/10/2006

SC223 (REV05-05)